UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD EMPEY, | No. C-11-00733-SC (DMR) |
| Plaintiff(s), | **ORDER RE PARTIES' JOINT DISCOVERY LETTER OF NOVEMBER 24, 2011 [DOCKET NO. 51]** |
| v. | |
| ALLIED PROPERTY, | |
| Defendant(s). | |

On December 8, 2011, the court held a hearing on the parties' joint discovery letter of November 24, 2011 [Docket No. 51]. During the course of oral argument, the parties informed the court that they had resolved several of the disputes set forth in their joint letter. This order summarizes the court's rulings made during the hearing on the remaining issues..

**A. Plaintiff's 30(b)(6) Deposition Topic #1**

The court grants Plaintiff's motion to compel Defendant to produce a Rule 30(b)(6) deponent(s) to testify regarding Defendant's search for and production of documents responsive to Plaintiff's First Set of Requests for Production or Inspection.

**B. Plaintiff's 30(b)(6) Deposition Topic #5**

Defendant has agreed to respond to an interrogatory asking how Defendant designates and re-certifies an entity as a "Preferred Vendor." Plaintiff shall serve the interrogatory promptly. Defendant shall respond within 10 days.

**C. Plaintiff's 30(b)(6) Deposition Topic #6**

Plaintiff's topic, as drafted, is grossly overbroad. The attenuated relevance of the information sought is outweighed by the burden of a response. Plaintiff's motion to compel Rule 30(b)(6) testimony on this topic is denied.

**D. Defendant's Subpoena to Bank of America for Plaintiff's Banking Records and Federal and State Tax Returns**

When a Federal court exercises diversity subject matter jurisdiction over a civil matter, such as the one at bar, "state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Fed. R. Evid. 501. The California Supreme Court has held that statute "implicitly creates a privilege against the disclosure of income tax returns." *Fortunato v. Superior Court of L.A. Cty.*, 114 Cal. App. 4th 475, 479 (2003) (citing Cal. Rev. & Tax. Code § 19282) (citations omitted). The privilege does not attach, however, where a party has intentionally waived it, where "the gravamen of the lawsuit is inconsistent with claiming the privilege, or where a public policy greater than the purpose of the privilege is involved." *Id.* (citations omitted). None of these exceptions apply to the present case.

With respect to bank information, the California Supreme Court has noted that "[t]here is revealed no bank-customer privilege . . . . Indeed, the general rule appears to be that there exists no common law privilege with respect to bank customer information." *Valley Bank of Nev. v. Superior Court of San Joaquin Cty.*, 15 Cal. 3d 652, 656 (1975) (internal citations omitted). Relevant bank customer information therefore "should not be wholly privileged and insulated from scrutiny by civil litigants." *Id.* at 657. Article I section 1 of the California Constitution, however, does mandate a higher level of concern for individuals' privacy interests, and to safeguard these interests, courts should employ "the same discretion which they generally exercise in passing upon other claims of confidentiality." *Id.* at 678 (citations omitted). Though the California constitution's privacy right does not constitute a recognized privilege, Federal courts sitting in diversity often consider it in discovery disputes. *Ragge v. MCA/Universal Studios*, 165 F.R.D. 601, 604 n.3 (C.D. Cal. 1995).

The court finds that Defendant has failed to sufficiently articulate and support the need for plaintiff's bank records. The court therefore quashes the subpoena. If Bank of America has

produced any documents in response to the subpoena, Defendant shall promptly return them to Bank of America without review.

IT IS SO ORDERED.

Dated: December 9, 2011

_____
DONNA M. RYU
United States Magistrate Judge