UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHAD EMPEY, | ) | |
| | ) | |
| Plaintiff, | ) | No. C-11-733-SC |
| | ) | |
| v. | ) | |
| | ) | |
| ALLIED PROPERTY & CASUALTY INS. CO., | ) | |
| | ) | ORDER RE:  JURY TRIAL |
| Defendants. | ) | PREPARATION FOR JUDGE |
| | ) | SAMUEL CONTI |
| | ) | |
| _____ | ) | |

JURY TRIAL PREPARATION FOR JUDGE CONTI

A.  Required Submissions

     No later than fourteen (14) calendar days before trial, each party shall e-file with this court, serve upon all other parties, and provide to the court three courtesy copies directly to chambers of the following:

          (1) A <u>JOINT</u> agreed upon, brief statement of the case to

               be read to the jury prior to trial.

(2) Proposed Voir Dire questions.

(3) A trial brief.

(4) A list of exhibits conforming substantially to the form attached as Appendix A.  Upon request of a party, any party shall make the original of any exhibit available for inspection and/or copying.

(5) A list of witnesses, including expert witnesses, in the expected order of their presentation.  The witness list shall also include:

> (a)  a brief statement as to the content of the witness' testimony;
>
> (b)  an estimate of the time of the witness' testimony, on both direct and cross examination;
>
> (c)  any expert testimony shall strictly comply with FRCP Rule 26(a).
>
> (d)  any Daubert objections to the testimony of any expert or witness should be raised with the Court by motion ten (10) days before trial, or objection is WAIVED.

No witnesses other than those on said list shall be allowed to testify, except upon express order of this court.

(6)  A statement designating all excerpts from depositions (specifying the witness' name, with page and line references),

answers to interrogatories, and responses to requests for admission to be offered at trial for any purpose other than impeachment or rebuttal.

(7)  JOINT jury instructions (see section C. infra).

(8)  A proposed form of verdict.

(9)  Motions in Limine will be heard at the pretrial conference.  Motions in limine are to be filed and served no later than ten (10) days prior to the pretrial conference, oppositions are to be filed and served no later than five (5) days prior to the pretrial conference.

B.  Exhibit Binders

Exhibits that can be reduced to 8.5" by 11" form (i.e. written documents, photographs, etc.) should be placed in three-ring binders with each exhibit tabbed on the side.  A copy of the exhibit list should be placed in the front of the binder. Binders should be clearly labeled on the outside as to which party's exhibits and what exhibit numbers they contain.  The parties should prepare three (3) sets of binders:  one for the Judge, one for the witness to refer to, and one for the clerk to act as the original.  The original copy should have an exhibit marker stapled to the first page of each exhibit in the lower right hand corner.  The exhibit marker must appear substantially in the following form:

United States District Court
Northern District of California

Case No. _____
{Name of Party}'s Exhibit No. _____
Date Entered: _____
Clerk, United States District Court
By: _____
Deputy Clerk

These binders are to be delivered directly to Judge Conti's Chambers no later than three (3) days before the date of trial. They are not to be filed in the clerk's office.

C.  Proposed Jury Instructions

No later than fourteen (14) calendar days before the trial date, the parties shall e-file and provide the Court with three courtesy copies of identical sets of JOINT proposed jury instructions.  The parties are ordered to meet, confer, and prepare said complete set of jury instructions.  This complete set of all proposed instructions upon which the parties agree must include all standard instructions regarding the role of jurors, organization of the jury, communication with the court, etc.  Failure to submit an agreed upon instruction on a matter of law as to which there is no substantial ground for difference of opinion may be considered a sufficient ground for the imposition of sanctions on counsel.

In addition, the parties shall e-mail a complete set of instructions in Word format to Judge Conti's proposed order mail box, scPO@cand.uscourts.gov.

Each individual proposed instruction shall be concise and free from argument, and typewritten on separate pages.  Each proposed instruction should include the heading

JURY INSTRUCTION NO. _____

centered at the top of the first page of the instruction.

Each set shall include two (2) separate copies of the proposed instructions. Each instruction in the first copy should include a title briefly stating the general subject matter of the instruction and should be free from citation to supporting authority or other extraneous references.

Each instruction in the second copy should include citations to supporting authority whenever available, but should be identical to instruction in the first copy in all other respects. An example is attached as Appendix B.

With each set of instructions, the parties shall include an index to the proposed instructions.

IT IS SO ORDERED.

Dated: December 20, 2011

_____
United States District Judge

INSTRUCTIONS FOR COMPLETING EXHIBIT MARKERS AND EXHIBIT LIST

## EXHIBIT MARKERS

Counsel should fill in the appropriate markers leaving the "Date Entered" and "Deputy Clerk" lines blank.

Plaintiff's exhibits should be denoted as:  P-1, P-2, P-3, etc.  Defendant's exhibits should be denoted as:  D-501, D-502, D-503, etc.

## EXHIBIT LIST

Counsel are to supply all the requested information with the exception of the two "Date Boxes."

## COLOR OF EXHIBIT BINDERS

Plaintiff's exhibit binders must be black and Defendant's exhibit binders must be blue.

A P P E N D I X   A.

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA<br>Case No._____<br>**PLAINTIFF** Exhibit No._____<br>Date Entered:_____<br>RICHARD W. WIEKING, CLERK<br>By:_____<br>Deputy Clerk | UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA<br>Case No._____<br>**DEFENDANT** Exhibit No._____<br>Date Entered:_____<br>RICHARD W. WIEKING, CLERK<br>By:_____<br>Deputy Clerk |
| UNITED STATES DISTRICT<br>COURT<br>NORTHERN DISTRICT OF CALIFORNIA<br>Case No._____<br>**PLAINTIFF** Exhibit No._____<br>Date Entered:_____<br>RICHARD W. WIEKING, CLERK<br>By:_____<br>Deputy Clerk | UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA<br>Case No._____<br>**DEFENDANT** Exhibit No._____<br>Date Entered:_____<br>RICHARD W. WIEKING, CLERK<br>By:_____<br>Deputy Clerk |
| UNITED STATES DISTRICT<br>COURT<br>NORTHERN DISTRICT OF CALIFORNIA<br>Case No._____<br>**PLAINTIFF** Exhibit No._____<br>Date Entered:_____<br>RICHARD W. WIEKING, CLERK<br>By:_____<br>Deputy Clerk | UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA<br>Case No._____<br>**DEFENDANT** Exhibit No._____<br>Date Entered:_____<br>RICHARD W. WIEKING, CLERK<br>By:_____<br>Deputy Clerk |
| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA<br>Case No._____<br>**PLAINTIFF** Exhibit No._____<br>Date Entered:_____<br>RICHARD W. WIEKING, CLERK<br>By:_____<br>Deputy Clerk | UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA<br>Case No._____<br>**DEFENDANT** Exhibit No._____<br>Date Entered:_____<br>RICHARD W. WIEKING, CLERK<br>By:_____<br>Deputy Clerk |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CASE NO. _____                    DATE _____

_____ vs. _____

EXHIBIT LIST

( ) PLAINTIFF                              ( ) DEFENDANT

| EXHIBIT NUMBER | DATE | | DESCRIPTION |
| --- | --- | --- | --- |
| | Marked for Identification | Admitted in Evidence | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

JURY INSTRUCTION NO. _____


### Unintentional Tort -- Negligence -- Defined

Negligence is the doing of some act which a reasonably prudent person would not do . . .


. . . etc.


A P P E N D I X   B.

JURY INSTRUCTION NO. _____

<u>Unintentional Tort -- Negligence -- Defined</u>

Negligence is the doing of some act which a reasonably prudent person would not do . . .

. . . etc.

Source:  Ninth Circuit Model Jury Instructions § 80.03

A P P E N D I X   B. (cont.)